**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00152-JHM**

**NAOMI JEAN CAUDILL**                                                            **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION[1]**                             **DEFENDANT**

**MEMORANDUM OPINION
AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of Naomi Jean Caudill ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 21) and Defendant (DN 27) have filed a Fact and Law Summary. For the reasons that follow, Plaintiff's request for a pre-judgment remand under sentence six of 42 U.S.C. § 405(g) is **DENIED**, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** for the Commissioner.

By Order entered April 12, 2021 (DN 13 ¶ 4), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted as the defendant in this suit.

FINDINGS OF FACT

Previously, Plaintiff filed an application for Disability Insurance Benefits on May 29, 2014 (Tr. 143). Following a hearing, Administrative Law Judge Dwight D. Wilkerson issued a decision on August 18, 2017, concluding that Plaintiff had not been under a disability, as defined in the Social Security Act, from May 12, 2014, through the date of the decision (Tr. 143-54).

On May 30, 2018, Plaintiff filed an application for Disability Insurance Benefits (Tr. 77, 258-66). Plaintiff alleged she became disabled on December 1, 2017, because of anxiety, depression, Post Traumatic Stress Disorder ("PTSD"), back pain, scoliosis, and arthritis in her back and knees (Tr. 77, 161, 178, 277). Her claim was denied initially on November 26, 2018, and upon reconsideration on January 5, 2019 (Tr. 77, 176, 193).[2] Thereafter, Plaintiff filed a written request for hearing (Tr. 77, 208-09).

On September 16, 2019, Administrative Law Judge Jennifer B. Thomas ("ALJ") conducted a video hearing from Paducah, Kentucky (Tr. 77, 115, 117). Plaintiff and her counsel, Shannon Renee Fauver, participated from Owensboro, Kentucky (Id.). James B. Adams, an impartial vocational expert, testified during the hearing (Id.).

In a decision dated October 31, 2019, ALJ Thomas evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 77-92). ALJ Thomas noted that Plaintiff must establish disability on or before December 31, 2019, her date last insured, to be entitled to a period of disability and disability insurance benefits (Tr. 78). At the first step, ALJ Thomas found Plaintiff has not engaged in substantial gainful

---

[2] In lieu of the November 28, 2018 and January 3, 2019 dates provided in the ALJ's decision (Tr. 77), the Court has utilized the dates set forth on the Disability Determination and Transmittal forms (*see* DN 77, 176, 193).

activity since December 1, 2017, the alleged onset date (Tr. 80). At the second step, ALJ Thomas determined that Plaintiff has the following severe impairments: migraine headaches, chronic obstructive pulmonary disease, osteopenia, degenerative disc disease of the lumbar spine, depressive disorder, anxiety disorder, adjustment disorder, degenerative joint disease, and gastritis irritable bowel syndrome (Id.). At the third step, ALJ Thomas concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.).

At the fourth step, ALJ Thomas found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following postural, environmental, and mental limitations: occasionally climb ramps and stairs; never climb ladders, ropes and scaffolds; occasionally stoop, kneel, crouch and crawl; avoid concentrated exposure to pulmonary irritants; not work in a building where the lights are any brighter than standard office lights; occasional exposure to moving mechanical parts and unprotected heights; understand, remember and carry out simple routine tasks; sustain concentration, persistence and pace for the completion of simple routine tasks for two-hour segments of time in an eight-hour workday; not work at fast paced or production based jobs; occasional interaction with co-workers and supervisors for task completion only; no interaction with the general public; rare or gradually introduced changes to a routine work setting; and have ready access to a bathroom defined as a five-minute walk from the workstation (Tr. 83).

At step four, ALJ Thomas considered Plaintiff's RFC and testimony from the vocational expert (Tr. 90-91). ALJ Thomas found that Plaintiff is capable of performing her past relevant work as a cleaner as actually and generally performed (Id.). ALJ Thomas also considered

3

Plaintiff's residual functional capacity, age, education, and past work experience, as well as testimony from the vocational expert (Tr. 91-92). ALJ Thomas found that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy (Id.). Therefore, ALJ Thomas concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from December 1, 2017, through the date of the decision (Tr. 92).

Plaintiff timely filed a request for the Appeals Council to review ALJ Thomas' decision (Tr. 256-57). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 *et seq.* (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1)      Is the claimant engaged in substantial gainful activity?

2)      Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)      Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)      Does the claimant have the RFC to return to his or her past relevant work?

5)      Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

## Prejudgment Remand

Plaintiff seeks a prejudgment remand pursuant to sentence six of 42 U.S.C. § 405(g) (DN 21 PageID # 685). In support of her position, Plaintiff cites a progress note from Astra Behavioral Health dated October 31, 2019 (Id.). Plaintiff claims this progress note directly impacts ALJ Thomas' October 28, 2019 decision because it indicates Plaintiff "'is unable to work due to impulse control is lacking and anger outburst is uncontrollable'" (Id.) (quoting Tr. 71). Plaintiff contends the "statement is supported by all of the statements made prior to and after the decisions" (Id.). As this medical evidence contradicts ALJ Thomas' findings on mental limitations, Plaintiff reasons it "would have a reasonable probability to change the decision" (Id.). Plaintiff submitted this evidence to the Appeals Council and acknowledges that it found the progress report "would not have impacted" ALJ Thomas' decision (Id.).

Defendant points out the Appeals Council reviewed the progress note and determined it did not show "'a reasonable probability that it would change the outcome of the decision" (DN 27 PageID # 704) (quoting Tr. 2). Defendant contends a sentence six remand is not appropriate because Plaintiff has failed to show the evidence is new and material, and there is good cause for failing to present the evidence during ALJ Thomas' hearing (Id. at PageID # 704-06) (citing 42 U.S.C. § 405(g); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 685 (6th Cir. 1992).

"A district court's authority to remand a case . . . is found in 42 U.S.C. § 405(g) . . ." Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 482-83 (6th Cir. 2006). The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence six-remand)." Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Here, Plaintiff seeks a pre-judgment remand.

Under sentence six of 42 U.S.C. § 405(g), the Court does not address the correctness of the administrative decision. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991), Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 483 (6th Cir. 2006). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and the new evidence might have changed the outcome of the prior proceeding." Melkonyan, 501 U.S. at 98. The party seeking a pre-judgment remand has the burden of demonstrating that there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"

7

42 U.S.C. § 405(g); *see also*, Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Faucher, 17 F.3d at 174-75.

The Supreme Court of the United States has explained that evidence is "new" only if it was "not in existence or available to the claimant at the time of *the administrative proceeding*." Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990); *see* Melkonyan, 501 U.S. at 98 (indicating that evidence is "new" if it was not available to the claimant at the time of the administrative proceeding). The Sixth Circuit uses "administrative proceeding" and "hearing" interchangeably in its discussion of the applicable law. *See e.g.* Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010); Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001). Thus, in assessing whether the evidence is new, the issue is whether the medical records existed or were available to Plaintiff at the time of the administrative hearing. Here, the progress report memorializes a therapy session on Thursday, October 31, 2019, which is the same day that ALJ Thomas issued the Notice of Decision – Unfavorable and the Decision (Tr. 74-76, 77-92). Thus, the progress note was not available to Plaintiff on Monday, September 16, 2019, the day ALJ Thomas conducted the administrative hearing (Tr. 115-39). For this reason, the progress note is considered "new" evidence.

Evidence is "material" only if there is "a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." Ferguson, 628 F.3d at 276; Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001); Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988). Notably, evidence is not considered material if it merely depicts an aggravation or deterioration in an existing condition. Sizemore, 865 F.2d at 712. Here, Dawn Terrigino, C.S.W., prepared the

8

progress report memorializing her therapy session with Plaintiff (Tr. 71-73). Ms. Terrigino expressed the following diagnoses: generalized anxiety disorder; other specified depressive episodes; rule out schizoaffective disorder, depressive type; and other long term (current) drug therapy (Tr. 72). Additionally, Ms. Terrigino opined, "[Plaintiff] is unable to work due to impulse control is lacking and anger outburst is uncontrollable" (Tr. 71). But under the regulations, Ms. Terrigino is not considered an "acceptable medical source" who is qualified to render diagnostic and functional limitation opinions concerning Plaintiff's mental impairments. *See* 20 C.F.R. §§ 404.1502(a)(1)-(8), 404.1520c(a), 404.1521. Moreover, Ms. Terrigino's statement indicating Plaintiff is "unable to work" is "inherently neither valuable nor persuasive" because it is a statement on the issue of disability which is reserved to the Commissioner. 20 C.F.R. § 404.1520b(c)(3)(i). For the above reasons, there is no reasonable probability that ALJ Thomas would have reached a different disposition of Plaintiff's disability claim if ALJ Thomas had the opportunity to consider this new evidence. Therefore, Ms. Terrigino's progress report and the opinion expressed therein do not satisfy the "material" evidence requirement.

"Good cause" is demonstrated by showing "a reasonable justification for *the failure to acquire and present the evidence for inclusion in the hearing* before the ALJ." Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001) (emphasis added). Clearly, this rule of law applies when the medical evidence is available at the time the ALJ conducts the administrative hearing. The Sixth Circuit has also indicated that "good cause" is "shown if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." Koulizos v. Sec'y of Health & Human Servs., No. 85-1654, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986) (citing Wilson v. Sec'y of Health & Human Servs., 733 F.2d 1181

(6th Cir. 1984) and Willis v. Sec'y of Health & Human Servs., 727 F.2d 551 (6th Cir. 1984)). This rule of law applies when the evidence is not available at the time the ALJ conducted the administrative hearing. As mentioned above, the progress report memorializes a therapy session on Thursday, October 31, 2019, which is the same day that ALJ Thomas issued the Notice of Decision – Unfavorable and the Decision (Tr. 74-76, 77-92). It appears to address continued medical treatment of a condition that existed at the time of the administrative hearing and does not appear to have been generated merely for the purpose of attempting to prove disability. Therefore, "good cause" has been shown for not acquiring and presenting the evidence before the administrative hearing.

In sum, Plaintiff is not entitled to a pre-judgment remand under sentence six of 42 U.S.C. § 405(g) because the October 31, 2019 progress report and the opinion set forth therein do not satisfy the "material" evidence requirement.

## ALJ Thomas' Decision

Plaintiff claims that Finding Nos. 4, 5, and 6 are "based on errors of law and because they are not supported by substantial evidence, this Court must reverse the decision of the Commissioner" (DN 21 PageID # 683). Plaintiff also asserts, "In her opinion denying benefits to Plaintiff, ALJ Thomas failed to follow the dictates of the various SSR's and case law" (Id. at PageID # 685). Plaintiff claims if ALJ Thomas "had correctly followed the law, then she would have found Plaintiff disabled and awarded benefits" (Id.).

Defendant asserts that Plaintiff has waived her challenges to ALJ Thomas' decision by failing to provide developed arguments in support of her general claims (DN 27 PageID # 703-04). The Court agrees.

It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 169 F. App'x 452, 453 (6th Cir. 2006). Here, Plaintiff has merely identified the applicable law; referred to or recited Finding Nos. 4, 5, and 6; made a general reference to the evidence in the record in one sentence; made general assertions that Finding Nos. 4, 5, and 6 are not supported by substantial evidence in the record; and made a bare accusation that ALJ Thomas did not follow applicable law (DN 21 PageID # 681-85) (citing Tr. 360-366, 377-612). Thus, Plaintiff has adverted to her claims in a perfunctory manner with no effort made to provide developed argumentation substantiating her general assertions. For this reason, Plaintiff's bare assertions regarding Finding Nos. 4, 5, and 6 are deemed waived.

Notwithstanding, as noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how the Court may view the evidence, it is not the Court's place to re-try or re-evaluate the findings of ALJ Thomas. *See* 42 U.S.C. § 405(g). Rather, the Court is only to find if substantial evidence exists to support ALJ Thomas' decision and if ALJ Thomas followed the applicable law. (Id.). After reviewing the record, the Court concludes that ALJ Thomas' decision is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

Additionally, Plaintiff has cited evidence she submitted to the Appeals Council in support of her claim that Finding Nos. 4, 5, and 6 are not supported by substantial evidence in the record (DN 21 PageID # 681) (citing Tr. 8-73, 97-113). Apparently, Plaintiff believes this evidence is part of the record the Court must consider in determining whether the final decision of the Commissioner is supported by substantial evidence (Id.). Plaintiff's belief, however, is contrary to well-established case law in the Sixth Circuit. When the Appeals Council considers new evidence, but declines review, the district court cannot consider that evidence in deciding whether to uphold, modify, or reverse the final decision of the Commissioner. Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993). This approach makes sense because ALJ Thomas' decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline, 96 F.3d at 148; Cotton, 2 F.3d at 695-696. Therefore, in deciding whether to uphold, modify, or reverse the final decision of the Commissioner, the Court cannot consider the evidence Plaintiff submitted to the Appeals Council.

The Court can consider the evidence Plaintiff submitted to the Appeals Council for the limited purpose of determining whether a remand pursuant to sentence six of 42 U.S.C. § 405(g) would be appropriate. Cline, 96 F.3d at 148; Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174-175 (6th Cir. 1994). In fact, Plaintiff explicitly requested the Court consider the October 31, 2019 progress report (Tr. 71-73) for that purpose (DN 21 PageID # 685). For the reasons set forth above, the Court denied Plaintiff's request. As for the rest of the evidence that Plaintiff submitted to the Appeals Council (Tr. 8-69, 97-113), Plaintiff failed to explicitly request a pre-judgment remand and provide a developed argument in support of such a request (DN 21

PageID # 685). For this reason, the Court concludes that Plaintiff has waived the issue. *See* United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 169 F. App'x 452, 453 (6th Cir. 2006). Therefore, the Court declines to consider the other evidence Plaintiff submitted to the Appeals Council (Tr. 8-69, 97-113) for the limited purpose of determining whether a remand pursuant to sentence six of 42 U.S.C. § 405(g) would be appropriate.

ORDER

**IT IS HEREBY ORDERED** that Plaintiff's request for a pre-judgment remand pursuant to sentence six of 42 U.S.C. § 405(g) is **DENIED**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

Joseph H. McKinley Jr., Senior Judge
United States District Court

February 22, 2022

Copies: Counsel